# 7234

DR. A. B. COUCH,

    VS                                    NO. 7234

COUCH RICE HULLER CO.

CHARLES F. CLAIBORNE, JUDGE.

February 11th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit to recover the amount of a promissory note. The defense is the prescription of five years.

The note reads as follows:

$989.63 Houston, Texas, 6-14-10.

Six months after date we promise to pay to the order of the Union Iron Works, Nine Hundred eighty-nine and 63/100 Dollars at Houston, Texas. value received.

"Signed" Couch Rice Milling & Manufacturing Co.

A. B. Couch, President

Stamped across the face:

Paid--Union National Bank. Houston, Texas. Note Teller-Dec. 17 1910.

Endorsed:     A. B. Couch

Wm.  A. Cathey

H. Prince

Union Iron Works
per B. J. Harper, Pres.

It is essential to notice that while the above note *as maker* is signed by the "Couch Rice Milling & Manufacturing Co.," the present suit is brought against the "Couch Rice Huller Co."

The citation was served on the defendant on November 3rd. 1916, five years, ten months and nineteen days after the maturity of the note.

The petition alleges that the "Couch Rice Milling and Manufacturing Company, the maker of the above note, was dissolved in the year 1910; that the "Couch Rice Huller Company," the defendant herein, succeeded to the said "Couch Rice Milling and Manufacturing Company", that it took over all of the assets of the Couch Rice Milling & Manufacturing Co., and, as part con-

15

sideration of the taking over of these assets, assumed the liabilities of the latter company by virtue of the re-organization of the latter company into the "Couch Rice Huller Company" and by virtue of the contract of the stockholders of "Conch Rice Milling & Manufacturing Company" with the proposed stockholders of the "Couch Rice Huller Company"; that among said liabilities was the note above mentioned; that notwithstanding the assumption of said note by the Couch Rice Huller Company, it refused to pay the same at maturity, and the plaintiff, as endorser was compelled to pay it; and the said company refuses to reimburse him the amount paid by him; and he prays for judgment against said *Conch Rice Huller* company for said $989.63.

The defendant filed exceptions which were overruled, and then an answer embodying practically a general denial.

The case was placed upon the "Summary" docket, where promissory note cases are placed, to be called and fixed as a preference case. It does not appear upon whose direction. Thereupon the defendant, alleging that he was "entitled to know whether said suit is, or is not, a suit on a promissory note, entitled to preference; moved that it be stricken from the summary docket" as not being a suit on a promissory note." Counsel differ as to the position assumed by plaintiff's counsel on the trial of the rule. The following order, however, was entered:

"The court being of the opinion that this is a suit on a promissory note and entitled to be on the summary docket, the motion to remove said suit from the summary docket is dismissed at mover's cost."

Before the trial of the case upon the merits, the defendant then filed the following exceptions: "Now into court, through undersigned counsel, comes defendant "Couch Rice Huller Company", defendant in the above numbered and entitled action, and specially enters exception and plea of prescription of five years to the suit herein on the note alleged to have been held by plaintiff herein. Wherefore your exceptor prays that this exception and plea of prescription be maintained and plaintiff's suit dismissed".

16

Whereupon the following judgment was rendered: "The exception and plea of prescription of five years, herein filed having been heard and submitted to the court, and the court being of the opinion that said exception and plea of prescription are well founded, for the reasons orally assigned, It is ordered by the Court, that said exception and plea of prescription be and they are hereby maintained, and accordingly, that plaintiff's suit be dismissed at his cost."

From this judgment plaintiff has appealed.

The defendant's whole exception and argument are based upon the theory that this suit is upon the note. We cannot understand his position inasmuch as the defendants name is not upon the note either as maker or indorser or in any other capacity.

A suit against the defendant upon the note alone would have been dismissed upon an exception of no cause of action, as there was nothing upon the note to connect the defendant with it. In order to fix upon the defendant a liability for the note, some allegation, foreign to the note, became necessary. Hence it was that plaintiff necessarily alleged that the defendant had assumed to pay the note; and unless he makes that proof he must fail. That allegation disclosed the real cause of action. The assumption of the note by defendant did not make it a party to the note. The suit, it is true, originally arose from the note, and was for the amount of the note, but it was not upon the bare note itself; it was upon the assumption of the note charged against the defendant. Unless plaintiff had alleged that the defendant had assumed the payment of the note, he would have been without a case against it. Defendant's exception of the prescription of five years applicable to notes cannot be sustained unless the assumption of payment of a note is prescribed by the same period by which a note itself is prescribed. But such is not the jurisprudence. The assumption of a debt is prescribed by only ten years, whatever may be the character or period of

17

prescription of the debt assumed.

The case of Ludeling vs Felton 29A 719 (722) was an action against a surviving widow to make her liable for community debts.

The court said: "The plea of prescription of one, three, and five years, interposed by the defendant cannot be sustained. She accepted the community in 1871 and this suit was brought in 1874. Her obligation to pay half of the debts of the community flows from a quasi-contract, from an assumpsit implied by law from her act of acceptance. The prescription applicable to such an action is that of ten years. C. C. 3544."

In the case of Scionneaux vs Waguespack 32A 283 (288) the Supreme Court said: "The plea of prescription (of five years) set up by Gay is no bar to this action. The assumption by Ferry did not make him a party to the notes.

XIX His assumption was a personal obligation subject only to the prescription of ten years.

When a surety pays a note, his action for reimbursement against the principal arises from his payment of the note; but the obligation of the principal springs from the note; yet the action against him is prescribed by only ten years. 14A 663 12A 878- 2A 779-636. *36 Dallog Reh Leg p 287 Nº 1046 -* *in p 3 à 5 Nº 1104 — 2 Trop Presc Nº 1034* *8 Aubry + Rau p 437- 21 Dmanton Nº 430. 431 - 32 Carpeut p 486* So the action of an agent against his principal for *Nº 461* items paid by the former for account of the latter, is not based upon the items paid nor barred by the prescription applicable to them, but upon the obligation to reimburse and is prescribed only by ten years. 46A 1199 (1208) 40A 766-28A 181-24A 200 (203) 19A 491-10A 395-2A 779-636 12R 148. ⟩⟨ *15 à 143 - 28 à 181-*

Statutes of prescription cannot be extended from one action to another nor to analogous cases beyond the strict letter of the law. 15A 143-12A 886-12R 150-141. *2 H. A. p 1218 Nº 4* *23 à 353 · 184 - 39 à 23 (29) — 27 a 611 -* But defendant argues that plaintiff has admitted that his suit was upon a promissory note, by permitting it to remain upon the summary docket, and that he is thereby x estopped from denying it. There is no proof before us that plaintiff made that

18

admission. The note itself and the allegations of the petition contradict such a construction of plaintiff's position. He might well have argued, and the court below might well have thought, that inasmuch as the suit arose from the assumption of a note that it was entitled to a place upon the summary docket though strictly not a suit upon the note itself.

Estoppels are not favored and will not be applied unless clearly established. Erroneous alligations of law do not constitute estoppels. 47A 851. *117 La 503 - 16 Cyc 756*

*31 Cyc 87-90 Sec 2.3 -*

It is therefore ordered that the judgment of the District Court be avoided and reversed and that the exception and plea of prescription be dismissed, and the case remanded to be tried upon the merits; it is further ordered that the costs of this appeal be paid by the defendant and the costs of the District Court to x await the final determination of the case.

February 11th. 1916.

*X A change of position will be permitted when no wrong will be done to the other parties - Bigelow on Estoppels p 604 -*